UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEROME DAVIS,

    Plaintiff,

    v.       CAUSE NO. 3:23CV759-PPS/JEM

DISHITA PATEL and DENNIS LEWTON,

    Defendants.

## OPINION AND ORDER

Jerome Davis, a prisoner without a lawyer, filed a complaint that contained unrelated claims. ECF 1. He was instructed to file an amended complaint containing only related claims. ECF 5. He has done so, focusing on his claims regarding the medical care he received at Westville Correctional Facility. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Davis alleges that he began having asthma and eye problems when he was incarcerated at Westville Correctional Facility. He saw Nurse Practitioner Dishita Patel,

who suggested that he start with purchasing allergy medicine off commissary. He continued to have trouble breathing and eye inflammation, though. Later, he was taken off his inhaler without being told why. Without his inhaler, he could not adjust to the high temperatures inside the building. He contends he needed his inhaler because his "breathing was still at its worst." ECF 6 at 2. NP Patel did not respond to his medical slips, sick call slips, and prescription refill forms about his breathing and eye issues.

Davis also saw an eye doctor, Dr. Dennis Lewton, about his eye issues. He alleges Dr. Lewton examined his eyes several times but "never got to the bottom of the issue." ECF 6 at 2. First, Dr. Lewton recommended over-the-counter medication. But Davis' eyes continued to be dry and inflamed every morning, and he experienced excruciating pain. Later, Dr. Lewton prescribed two types of medication: Durezol 0.05% eye drops and Diclofenac 0.1% eye drops. But Davis says he never received them.

When Davis was transferred to Chain O'Lakes Correctional Facility in December 2022, the nurse there gave him an inhaler and the previously prescribed eye drops. She referred him to see an eye doctor, and he was eventually diagnosed with a cataract and posterior synechiae iris. He has received three surgeries for this problem and is seeing a rheumatologist for suspicion of sarcoidosis.

The Eighth Amendment entitles inmates to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability for a denial of constitutionally adequate medical care, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *McNeil*, 16 F.3d 123 at 124; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (negligence or medical malpractice do not constitute deliberate indifference). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Furthermore, inmates are neither "entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Davis may proceed against NP Patel based on her treatment of his breathing problems. It is possible that his asthma did not rise to the level of a serious medical need. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007) (quoting *Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005) ("[A]sthma can be, and frequently is, a serious medical condition, depending on the severity of the attacks."); *see also Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) ("Asthma, depending upon its degree, can be a serious medical condition."). *Cf. Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) ("breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy" due to exposure to second-hand smoke were, "objectively speaking, relatively minor" and, as a matter of law, did not reach the level of an objectively serious injury). But giving Davis the inferences he is entitled to at this stage of the proceedings, the court will assume that his asthma constituted a serious medical need. He does not connect NP Patel to the decision to discontinue his inhaler, but he plausibly alleges that she was made aware of his need for one through the medical slips, sick call slips, and prescription refill forms he submitted and was deliberately indifferent to that need.

As to his eye issue, the complaint does not state a claim against either NP Patel or Dr. Lewton because the complaint does not plausibly allege that either was deliberately indifferent to his medical need. NP Patel initially recommended over-the-counter allergy medication to treat his complaints of eye inflammation. There are no facts suggesting that was a substantial departure from accepted professional standards. Then, once he was under the care of an eye doctor, she was entitled to defer to his

4

judgment on the appropriate course of action, absent any indication of an "inappropriate or questionable practice." *See Perez v. Fenoglio*, 792 F.3d 768, 779-80 (7th Cir. 2015) (quotation marks omitted) (discussing limitations on nurse's liability when prisoner is also under the care of a doctor).

Dr. Lewton's treatment decisions may have been negligent or incompetent, but there are no facts to suggest they constituted deliberate indifference. Davis complains that Dr. Lewton did not correctly diagnose him, but the facts in the complaint show that he examined Davis several times and tried different treatments. *See Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000) (noting that "*Farmer* does not permit . . . claims alleging that a reasonable medical judgment unfortunately led to a bad result . . .."). The complaint does not say how long the ineffective treatments continued, so there is no indication that Dr. Lewton persisted in a treatment known to be ineffective. *See Greeno*, 414 F.3d at 655. Moreover, the complaint does not connect Dr. Lewton to Davis' inability to get the eye drops that were prescribed, and without any alleged personal involvement in Davis not receiving the prescribed medication, the doctor cannot be held liable. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) ("A suit under 42 U.S.C. § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim."); *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 460 (7th Cir. 2020) (concluding prison doctor could not be held liable for delay in receiving contact lenses because the record showed that an off-site eye surgeon's office was responsible for the delay).

5

ACCORDINGLY, the court:

(1) GRANTS Jerome Davis leave to proceed against Nurse Practitioner Dishita Patel in her individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical need for an inhaler at Westville Correctional Facility until his December 2022 transfer to a different facility in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Dennis Lewton;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dishita Patel at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 6);

(5) ORDERS Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dishita Patel to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 11, 2023.

    /s/ Philip P. Simon
    JUDGE
    UNITED STATES DISTRICT COURT