UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEROME DAVIS,

    Plaintiff,

    v.        CAUSE NO. 3:23-CV-00759-PPS-JEM

DISHITA PATEL,

    Defendant.

## OPINION AND ORDER

Jerome Davis, a prisoner without a lawyer, is proceeding in this case "against Nurse Practitioner Dishita Patel in her individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical need for an inhaler at Westville Correctional Facility until his December 2022 transfer to a different facility in violation of the Eighth Amendment[.]" [DE 8 at 6]. Nurse Patel tells me that Davis didn't exhaust his administrative remedies before filing this lawsuit, and she seeks summary judgment on that basis in both a motion and an amended motion. [DE 19; DE 33].

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). Whether a remedy is "available" is a pragmatic inquiry—what is actually available in reality, not what's written in some policy. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to

2

use the administrative process, administrative remedies are not considered "available." *Id.*

Nurse Patel provides an affidavit from Shannon Smith, the Grievance Specialist at Westville Correctional Facility ("WCF"), who attests to the following facts: At all relevant times, an Offender Grievance Process was in place at WCF which requires inmates to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. [DE 20-1 at 1-2]. To submit a formal grievance, inmates must submit a completed Offender Grievance Form to the Grievance Specialist. [*Id.* at 2]. Offender Grievance Forms are readily accessible to inmates at WCF, and may be accessed by inmates in three locations: (1) in their housing units, (2) in the law library, and (3) upon written request to the Grievance Specialist or her office. [*Id.* at 4]. The grievance office has never received any requests from Davis for an Offender Grievance Form, and it has never received any completed Offender Grievance Form from Davis. [*Id.* at 3-4, 20].

In his response, Davis concedes he never exhausted any grievances at WCF. [DE 42; DE 43. The court therefore accepts that fact as being undisputed. Instead, Davis argues his administrative remedies were unavailable because he was not able to obtain an Offender Grievance Form. [DE 43]. Specifically, Davis attests he requested an Offender Grievance Form from "staff members" and submitted request slips asking for the form, but never received one. [*Id.* at 1-2].

Davis stated in a sworn declaration that he requested grievance forms from Ms. Doughman and Mr. Hood on multiple occasions, but they would not give him any. [DE

3

24-1 at 3]. Other correctional officers and sergeants would tell him that the Unit Team Manager, Mr. Hood, would bring them copies, but there was always an excuse. [*Id.*] Nurse Patel argues that Davis produced no evidence to support his assertion that he requested these grievance forms and gave no possible motivation for staff members to deny him a form. [DE 28 at 4]. But his declaration *is* evidence. This fact is explained in *Dale v. Lappin*, 376 F.3d 652 (7th Cir. 2004).

> [I]n his response Dale identifies the prison employees from whom he requested forms: his counselor, his case manager, the on-duty floor officer, and members of his unit team. Dale also identifies the specific form he requested, the BP–8, which is the first form the Bureau of Prisons requires inmates to complete in order to submit a grievance. Dale also avers that the on-duty officer gave him blank sheets of paper when he requested a grievance form, that he was told by his counselor and case manager that they did not have the proper grievance form, that he requested a form from his counselor and was told that forms had to be issued by the unit team, and that he notified the members of his unit team several times that he had been denied grievance forms, but got no response. This level of detail cannot be dismissed as bald assertion.

*Dale*, 376 F.3d at 655–56 (citations omitted).

Nurse Patel has not provided evidence to dispute Davis' declaration that he asked Miss Doughman and Mr. Hood for an Offender Grievance Form, and they did not give him one.

Davis also says that he wrote the Grievance Specialist and the warden to request grievance forms, but they did not respond. [DE 24 at 1]. He explains that he was unable to get copies of the letters he sent because "[i]t was a process to get into the Law Library." [*Id.*] Nurse Patel replies that Davis produced no copies of the alleged requests and provides no evidence of the dates on which he sent these requests. [DE 28 at 4]. But

4

Davis' assertion he submitted these requests is evidence he did so. Nurse Patel also notes that the Grievance Specialist attested it is her practice to issue Offender Grievance Forms to offenders upon request, but she has no recollection that Davis ever submitted a letter requesting an Offender Grievance Form. [*Id.*] But the fact that the Grievance Specialist "has no recollection" of receiving a letter from Davis doesn't disprove Davis' assertion that he sent the Grievance Specialist a letter requesting a grievance form.

Finally, Nurse Patel argues that Davis doesn't dispute the Grievance Specialist's attestation that Offender Grievance Forms were readily available to him in the law library. [DE 44 at 3]. But there's no evidence Davis was ever informed or made aware that he could obtain grievance forms in the law library. Moreover, Nurse Patel points to no provision in the Offender Grievance Process that specifies that an offender must seek out every possible avenue to obtain a grievance form when other ones are rebuffed. An offender cannot just stop at one denial of a grievance form and claim that the remedy is unavailable. But neither does an offender have to pursue every possible path before giving up in order for administrative remedies to become unavailable. It is undisputed that Davis made efforts to obtain a grievance form by (1) asking Miss Doughman and Mr. Hood for a grievance form, and (2) submitting request forms to the Grievance Specialist and warden, but was unable to obtain a form. This hindered Davis' ability to access the Offender Grievance Process. *See Kaba*, 458 F.3d at 684 ("when prison officials fail to provide inmates with the forms necessary to file an administrative grievance, administrative remedies are not available"). Having the grievance forms in multiple

places is for them to be "readily accessible," not to impose additional hoops for Davis to jump through.

Accordingly, because Davis has provided undisputed evidence prison staff made his administrative remedies unavailable by hindering his ability to access the Offender Grievance Process, Nurse Patel has not met her burden to show Davis had available administrative remedies he didn't exhaust before filing this lawsuit. For these reasons, Nurse Patel's motion for summary judgment [DE 33] is **DENIED**.

**SO ORDERED**.

ENTERED: January 14, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT